# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA  90071.2452

TELEPHONE: +1.213.489.3939 • JONESDAY.COM

Direct Number:  +1.213.243.2174
ASOMMERFELD@JONESDAY.COM

September 22, 2023

The Honorable Eric R. Komitee
U.S.D.C.
Eastern District of New York
225 Cadman Plaza East, Crtm 6G North
Brooklyn, New York 11201

Re:  *Wright et al. v. SkyWest Airlines, Inc.*, 1:22-cv-00914 - EK - CLP (E.D.N.Y)
<u>Supplemental Letter Brief</u>

Dear Judge Komitee,

Pursuant to the Court's September 19, 2023 Order, Defendant SkyWest Airlines, Inc. ("SkyWest") submits the following letter brief regarding the application of "the rule of the last antecedent" in interpreting the Fair Labor Standards Act's ("FLSA") "Air Carrier Exemption" found at 29 U.S.C. § 213(b)(3).

When interpreting a statute, a court must begin "where all such inquiries must begin: with the language of the statute itself." *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1056 (2019) (citations omitted).  The Air Carrier Exemption states that the FLSA's overtime provisions do not apply to "any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act." 29 U.S.C. §213(b)(3).  In soliciting this briefing on September 19, 2023 the Court correctly noted that, under the rule of the last antecedent, the relevant language in the FLSA is limited to one of two possible interpretations.  Specifically, either the FLSA overtime provisions do not apply to:

(1) any <u>employee</u> of a carrier by air <u>subject to the provisions of title II of the Railway Labor Act</u>; *or*

(2) any employee of a <u>carrier by air subject to the provisions of title II of the Railway Labor Act</u>.

Under the "rule of the last antecedent," a "limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003) (citing 2A Norman J. Singer, Statutes and Statutory Construction § 47:33 (6th rev. ed. 2000). "When there is no comma . . . the subsequent modifier is ordinarily understood to apply only to its last antecedent," but "[w]hen a comma is included. . . the modifier is generally

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

understood to apply to the entire series." *Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, 712 F.3d 775, 782 (2d Cir. 2013).[1]

The plain application of the rule of the last antecedent dictates that, because there is no comma after the word "air" the limiting clause ("subject to . . . the RLA") modifies only "carrier by air." Indeed, the Southern District of New York previously interpreted a nearly identical FLSA provision in this way when holding that employees of a rail carrier were exempt from the FLSA's overtime provisions. *See Brittan v. Hudson & Manhattan R. Co.*, 50 F. Supp. 37, 39 (S.D.N.Y. 1943); *see also Leger v. Kalitta Air,* 2018 WL 2057142, at *4 (S.D.N.Y. 2018). The statutory language at issue in *Brittan* stated "the provisions of Section 7 of this title shall not apply with respect to…any employee of an employer subject to the provisions of Part I of the Interstate Commerce Act." *Brittan, supra*, at 38. In concluding that the exemption applied, the court explained that, under the statute's plain language, "[i]t is the engagement of the employer that determines the exemption." *Id.*

The result here should be the same. The language preceding the limiting clause "who is subject to the provisions of title II of the Railway Labor Act" includes two distinct nouns: "employee" and "carrier by air." 29 U.S.C. § 213(b). The absence of a comma indicates that the two nouns should be read separately, such that the limiting clause would apply solely to the last antecedent. *See Brittan,* 50 F. Supp. at 38*; see also Lockhart v. United States*, 136 S. Ct. 958, 968 (2016); *F.T.C. v. Mandel Bros., Inc.*, 79 S. Ct. 818, 822 (1959 ); *Kerley*, 416 F.3d at 180.

The exception to the rule is that it may not apply when the modifier directly follows a concise and "integrated" clause. *See Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 138 S. Ct. 1061, 1077, 200 L. Ed. 2d 332 (2018) (citation omitted). In *Cyan,* the government argued that the rule of the last antecedent applied to the phrase "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b) of this section …" such that the limiting clause should modify only "involving a covered security." 138 S. Ct. 1061, 1075-77 (2018). But the Court held that the entire clause *preceding the comma* was integrated such that it should be interpreted as a "unified whole." *Id.* at 1076-77. Thus, the comma following "security" set apart the entire preceding clause as one integrated item. *See id.* The absence of a comma in § 213(b)(3) suggests the preceding words are not a single, integrated clause.

Moreover, reading "employee" and "of a carrier by air" together as an integrated clause – *i.e.,* the reading suggested by Plaintiff's counsel – runs contrary to a natural, plain reading of the statute. Unlike the clause in *Cyan,* the nouns "employee" and "carrier by air" are distinct and easily disaggregated. In other words, an *employee* could be subject to the RLA, and a *carrier by*

---

[1] Contrary to Plaintiff's contention, Doc. 35 at 1-2, the rule does not apply only when "analyzing a statute containing a long list of terms." *See, e.g., U.S. v. Kerley,* 416 F.3d 176, 179-80 (2d Cir. 2005) (applying rule of last antecedent to analyze two nouns found in Deadbeat Parents Punishment Act).

*air* could be subject to the RLA.  But the result demanded by the rule of the last antecedent is that "subject to the provisions of title II of the Railway Labor Act" modifies only "carrier by air."  *See Brittan,* 50 F. Supp. at 38-39.²

At the hearing, Plaintiffs' counsel noted that other courts have not approached § 213(b)(3) this way, and that many courts have looked to an employee's duties to determine if he or she is "subject to . . . the RLA."³  *See, e.g., Acevedo v. Sw. Airlines Co.,* 2018 WL 2392215, at *5-6 (D.N.M. May 25, 2018) (collecting cases).  Those cases, however, do not "begin with the language of the statute."  Instead, nearly all of them apply the standard set forth in *Nw. Airlines v. Jackson*, 185 F.2d 74 (8th Cir. 1950).⁴  That standard, however, is illuminated solely by policy concerns – and is completely at odds with the plain text of the statute.  *See* Doc. 29 at 10, n.5  (explaining how the standard set forth in *Jackson* originated).⁵  This fact, along with the Supreme Court's recent rejection of the premise that FLSA exemptions should be construed narrowly, demand that the exemption be given a fair reading.  *See Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134 (2018) ("The narrow-construction principle relies on the flawed premise that the FLSA pursues its remedial purpose at all costs") (quotation marks and citations omitted).

A plain and fair reading of the statute demands one result: § 213(b) exempts "any employee of a <u>carrier by air subject to the provisions of title II of the Railway Labor Act</u>" from the FLSA's overtime provisions.  Accordingly, Plaintiff's overtime claims should be dismissed.

---

² Plaintiffs' counsel also suggested that the exemption could be limited to "employees subject to the RLA" regardless of whether the employer was a carrier by air subject to the RLA.  First, if Congress intended the exemption to apply to any and all employees covered by the RLA, it could have simply and clearly stated as much.  Second, this reading ignores the RLA caselaw, which concludes that companies that are merely *under the control* of carriers can also be "carriers" subject to the RLA.  *See Venegas v. Glob. Aircraft Serv., Inc.*, No. 2:14-CV-249, 2016 WL 5349723, at *6 (D. Me. Sept. 23, 2016) ("Entities that do not operate aircraft, sometimes referred to as derivative carriers or carrier affiliates, can be subject to the RLA if they are sufficiently connected to air carriers").

³ In a similar vein, Plaintiff's letter, Doc. 35 at 2-3, argues (Doc. 25, at 2-3) that DOL Regulations interpreting the Air Carrier Exemption support a that rejects application of the rule of the last antecedent.  That is because the "dual jobs" regulation, 29 C.F.R. § 786.1, sets forth a percentage threshold for the Air Carrier Exemption that Plaintiffs contend is inconsistent with a bright line application of the statutory language, under which <u>all</u> employees of air carriers would be exempt regardless of their duties.  But Plaintiff's reading of the "dual jobs" regulation is incorrect because the nature of "exempt" work under the RLA depends not on the employee's duties but *upon the employer's operations as a common carrier*.  *See, e.g., Gieg v. DDR, Inc.*, 407 F3d. 1038, 1050 (9th Cir. 2005) (collecting cases and explaining that the RLA exemption runs to employer's operations).

⁴ *See, e.g., Acevedo*, 2018 WL 2392215, at *5-6; *Moreira v. Am. Airlines, Inc.,* 157 F. Supp. 3d 1208 (S.D. Fla. 2016); *Venegas*, 2016 WL 5349723; *Slavens v. Scenic Aviation, Inc.*, 221 F.3d 1353, 2000 WL 985933 (10th Cir. 2000).

⁵ Moreover, the rule of the last antecedent predates the Air Carrier Exemption.  The exemption became effective in 1938.  *See* 75 P.L. 718 § 13(a)(4).  Courts frequently applied the rule of the last antecedent for decades prior to the enactment of the Air Carrier Exemption.  *See, e.g., Johnson v. Sayre*, 158 U.S. 109, 114 (1895); *People ex rel. Mason v. McClare*, 99 N.Y. 83, 91, 1 N.E. 235, 239 (1885).

Respectfully submitted,

*/s/ Amanda C. Sommerfeld*

Amanda C. Sommerfeld
Jones Day