```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

DAQUASIA WRIGHT, ERIKA
THOMAS, and CHERIE POOLE, on
behalf of themselves, individually,         MEMORANDUM & ORDER
and on behalf of all others                 22-CV-914(EK)(CLP)
similarly-situated,

                    Plaintiffs,

            -against-

SKYWEST AIRLINES, INC.,

                    Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

In March, the Court granted defendant SkyWest Airlines, Inc.'s motion to dismiss the named plaintiffs' overtime claims under the Fair Labor Standards Act ("FLSA"). The Court also issued an Order to Show Cause why plaintiffs' wage statement claims, brought under New York labor law, should not be dismissed for lack of standing. Such cause not having been shown, and for the reasons described below, the wage statement claims are now dismissed.

## I. Background

The factual history of this case is set out in the Court's March 2025 Order. *See* Mem. & Order, ECF No. 37. The three named plaintiffs worked as flight attendants for defendant SkyWest Airlines. Compl. ¶ 3, ECF No. 1. Two plaintiffs —

Wright and Poole — allege that for the period they worked in New York, SkyWest violated the New York Labor Law ("NYLL") by, among other things, furnishing inaccurate wage statements in violation of NYLL § 195(3).  *Id.* ¶¶ 106, 142.

## II.  Discussion

Standing is "the threshold question in every federal case," and it implicates the Court's subject matter jurisdiction.  *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008).[1]  The Court has an affirmative obligation to evaluate whether standing exists as to each claim.  *E.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006).

To establish standing under Article III, "a plaintiff must show (i) that [she] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  When a cause of action is a creature of statute, the plaintiff cannot "establish Article III standing by relying entirely on a statutory violation."  *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021).

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

The Second Circuit recently assessed standing in the context of a wage statement claim brought under the New York Labor Law. *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024). The court explained that "a plaintiff cannot rely on technical violations of the Labor Law but must allege actual injuries suffered as a result of the alleged . . . wage statement violation[]." *Id.* at 305. This requires "some causal connection" between the violation "and the downstream harm" alleged. *Id.* at 308. Plaintiffs cannot rely on mere speculation; they must advance a "plausible theory as to how [they were] injured" by a "failure to provide the required documents." *Id.* at 309.

Applying this standard, the wage statement claims must be dismissed. The complaint alleges that plaintiffs' wage statements were inaccurate because they "incorrectly listed their pay date as less frequently than weekly." *See* Compl. ¶¶ 10, 106, 142. Notwithstanding this reference to the "date" being incorrect, the complaint includes no allegations indicating how or why an accurate wage statement would have resulted in plaintiffs "avoid[ing] some actual harm or obtain[ing] some actual benefit." *Guthrie*, 113 F.4th at 308. In their letter brief, plaintiffs explain that if "they had received paystubs each week that reflected that they were in fact entitled to be paid on a weekly basis," they would have

3

been able to "catch the violation." Minkoff Ltr. 2, ECF No. 39 (emphasis omitted). Timely receipt would have allowed them to "demand payment of all wages due on a weekly basis as they are entitled to be paid under the law." *Id.*

Plaintiffs are incorrect, as a matter of law, that an accurate wage statement would have tipped them off to the (allegedly) improper frequency of their pay. Wage statements do not need to indicate the frequency of pay in New York, let alone any entitlement to be paid at a certain frequency. Section 195(3) requires employers to furnish wage statements listing the following:

> [T]he dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the benefit portion of the minimum rate of home care aide total compensation as defined in section thirty-six hundred fourteen-c of the public health law ("home care aide benefits"), if applicable; prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to article eight of this chapter; and net wages . . . .

N.Y. Lab. Law § 195(3) (McKinney 2025).[2] The sample wage statement on the New York State Department of Labor's website

---

[2] On first glance, the clause reading "rate or rates of pay and basis thereof" might be misread to refer to frequency of pay. But references to whether the employee is paid by the hour, shift, or piece (among other possibilities) clarifies that the "basis" refers to the unit by which wages are measured, not the frequency of compensation.

4

also does not include pay frequency or any entitlement to a given pay frequency.[3] Plaintiffs have not alleged that the wage statement incorrectly listed or omitted any information actually required to be provided by law.

Thus, plaintiffs have not plausibly alleged that even a perfectly accurate wage statement would have helped plaintiffs "catch the violation" they alleged under Section 191 — that is, that they should have been paid weekly rather than biweekly. Courts have dismissed Section 195 claims when the challenged wage statement omits no *required* information that would have helped plaintiffs discover they were not being paid properly. *See, e.g.*, *Quieju v. La Jugueria Inc.*, No. 23-CV-264, 2023 WL 3073518, at *2 (E.D.N.Y. Apr. 25, 2023) ("These forms don't tell the employee what the minimum wage is, or that overtime and spread of hours are required by law."); *Zachary v. BG Retail, LLC*, 716 F. Supp. 3d 339, 346 (S.D.N.Y. 2024) ("And it is speculative to claim plaintiff, even if she received and reviewed the wage notice, would have deduced defendant was not paying her timely, because Section 195 does not require disclosure of the legally mandated payment schedule for manual workers.").

---

[3] N.Y. State Dep't of Lab., *Wage Statement (Pay Stub): Required Information under Section 195.3* (Nov. 2024), https://dol.ny.gov/wage-statement-pay-stub-ls49.  *See Quieju v. La Jugueria Inc.*, No. 23-CV-264, 2023 WL 3073518, at *2 n.1 (E.D.N.Y. Apr. 25, 2023) (citing an earlier version of this document).

5

Plaintiffs rely on *Van Duser v. Tozzer Ltd.*, in which the plaintiffs properly alleged standing on their wage notice and wage statement claims. No. 23-CV-9329, 2024 WL 4635495, at *5 (S.D.N.Y. Oct. 31, 2024); Minkoff Ltr. 2. In that case, plaintiffs were bar employees who alleged that their employer illegally retained their tips, and did not pay them for time spent working before and after shifts or for trainings. *Van Duser*, 2024 WL 4635495, at *1. That is, plaintiffs in *Van Duser* alleged a classic wage-and-hour violation — i.e. the failure to pay them for all the hours they worked — in addition to the frequency-of-pay violation alleged here. And a wage-and-hour violation *is* the kind of violation that information required by Section 195(3) can help elucidate: the form requires that for employees paid hourly, the employer recite the employee's hourly rate and gross wages, with additional information required for employees not exempt from overtime compensation. *See* N.Y. Lab. Law § 195(3) (McKinney 2025). Thus, the *Van Duser* plaintiffs plausibly alleged that the failure to provide accurate information had "downstream consequences." *Van Duser*, 2024 WL 4635495, at *5. No such relationship has been established here.[4]

---

[4] Plaintiffs also rely on *Reyes v. Crystal Window & Door Sys., Ltd.*, No. 23-CV-2578, 2024 WL 4028308, at *4 (E.D.N.Y. Sept. 3, 2024). Minkoff Ltr. 2. That case is distinguishable on similar grounds, as plaintiffs there had brought unpaid overtime claims in addition to the frequency-of-pay violation alleged here. *Reyes*, 2024 WL 4028308, at *4. Wage statements must include the overtime rate and number of overtime hours worked for employees not

The injury plaintiffs allege (untimely payment of wages) is not plausibly traceable to any inaccuracy or omission in their wage statements.  Rather, it was due to an alleged violation of an "express requirement[] of . . . state law" requiring that manual workers be paid weekly.  *Quieju*, 2023 WL 3073518, at *2.

### III. Conclusion

For the foregoing reasons, plaintiffs' wage statement claims are dismissed.  An in-person status conference will be held on June 24, 2025, at 10:00 a.m. at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, Courtroom 6GN.

SO ORDERED.

                                                                                           /s/ Eric Komitee_____
                                                                    ERIC KOMITEE
                                                                    United States District Judge

Dated:   June 6, 2025
        Brooklyn, New York

---

exempt from overtime compensation, N.Y. Lab. Law § 195(3) (McKinney 2025), while wage notices must include the overtime rate for such employees, *id.* § 195(1)(a).